GULOTTA, Judge.
Plaintiff, Cooper-Weir, Inc., appeals from a judgment dismissing its suit for a preliminary injunction in which plaintiff seeks to enjoin defendant from using a deceptively similar corporate name, Cooper-Weir of Louisiana, Inc.
The record reveals that Cooper-Weir, Inc. is a Mississippi corporation licensed to do and doing construction business in Louisiana and Mississippi. The only stockholders of the corporation are James Weir, owner of 56 percent of the stock, and Harvey Cooper, owner of 44 percent of the stock. Prior to August, 1972, Weir served as President with his office in Mississippi and Cooper as vice-president with his office in Louisiana.
Before August, 1972, Weir and Cooper agreed to split the corporation, and a plan was tentatively agreed upon in which Cooper would gain the ownership of the corporation’s business in Louisiana, and Weir would retain control and ownership of the corporation’s business in Mississippi. In order to maximize the tax advantages for both parties, the parties agreed to divide the corporation utilizing a “spin-off.” To initiate the plan, Cooper was to set up his own Louisiana corporation, and all the stock of that corporation was to be issued to Cooper-Weir, Inc., in exchange for the transfer of its Louisiana assets to the new corporation. After that transaction was completed, Cooper-Weir, Inc. was to transfer all of the stock it had just acquired to Cooper in exchange for Cooper’s transfer to Weir of the 44 percent of the stock that he owned in Cooper-Weir, Inc., thereby creating two separate and independent corporations. Cooper also agreed to pay to Cooper-Weir, Inc., the difference between the value of the stock that he owned in Cooper-Weir, Inc., and the value of the Louisiana assets owned by that corporation and transferred to him.
On August 10, 1972, Cooper had formed and incorporated in Louisiana the second corporation, Cooper-Weir of Louisiana, Inc. On September 30, 1972, the parties and their attorneys met to consummate the proposed “spin-off.” At the time of the meeting, Cooper was prepared to transfer all of the stock of that corporation to Weir, but that transfer was not made because the value of Cooper’s stock in Cooper-Weir, Inc. could not be determined to the satisfaction of both parties. However, Cooper had taken over the Louisiana assets of the Mississippi corporation and was actively engaged in business in Louisiana. All parties testified that at no time during that meeting, nor at any subsequent meeting, did Weir ever object to the use by Cooper of Cooper-Weir of Louisiana, Inc. as a corporate name. However, negotiations were carried on for the purposes of trying to resolve the differences between the parties concerning value on the stock and the value of the assets in Louisiana. Only after it became apparent that the parties could not agree, Weir filed suit for an accounting and for injunctive relief.
Plaintiff seeks the injunction on the basis of LSA-R.S. 12:23(B) which states in pertinent part:
“ * * * The corporate name shall not be the same as, nor deceptively similar to, a name reserved pursuant to subsection G of this section; and shall not be the same as, nor deceptively similar to, the name of any other corporation unless :
“(1) The other corporation is about to change its name, or to cease doing business, or is being liquidated, or, if a foreign corporation, is about to withdraw from doing business in this state, and the *734 written consent of the other corporation to the adoption of .its name, or a deceptively similar name, has been given and is filed with the articles; * * * ”
(emphasis ours)
LSA-R.S. 12:23(F) in pertinent part states:
“ * * * the court having jurisdiction may, * * * enjoin a corporation from doing business under a name assumed in violation of this section, * * *»
Plaintiff claims that Cooper-Weir of Louisiana, Inc. is using a deceptively similar name without written consent as provided for in'LSA-R.S. 12 :23(B) (1). On that basis, injunctive relief is sought under LSA-R.S. 12:23(F).
Exceptions of no cause of action and no right of action were overruled by the trial judge. However, after hearing, a plea of waiver and estoppel filed in answer to the rule for preliminary injunction was maintained.
The trial judge in maintaining the plea of estoppel and waiver concluded that the creation of the defendant Louisiana corporation was with the consent and knowledge of the stockholders of Cooper-Weir, Inc., and that no objection was raised to the use of the corporate name over a period of approximately a year and a half.
In seeking reversal, plaintiff, citing LSA-C.C.P. art. 3601 in conjunction with LSA-R.S. 12:23(B) and (F), contends that a preliminary injunction may issue without the necessity of showing irreparable injury in a case, such as the instant one, where a deceptively similar corporate name is used. According to plaintiff, the mere use of the corporate name is sufficient for a preliminary injunction to issue. Plaintiff alternatively argues, however, that irreparable injury was shown in the hearing for a preliminary injunction.
Plaintiff further claims that the trial judge erroneously maintained the plea of waiver and estoppel. According to plaintiff, the use of the corporate name by defendant was based upon the consummation of an agreement for distribution of the corporate assets of the plaintiff corporation between Weir and Cooper which never took place. Plaintiff suggests that objections to the use of the name were made after extended negotiations failed to resolve the differences which existed regarding the value of stock of Cooper-Weir, Inc., as compared to the value of the assets which had been transferred to Cooper-Weir of Louisiana, Inc. According to plaintiff, when it became apparent no amicable settlement could be reached, this suit was expeditiously filed. Therefore, plaintiff claims there was no waiver and no es-toppel.
Defendant, on the other hand, argues that LSA-R.S. 12:23(F) provides that the issuance of an injunction is discretionary. He claims that no abuse exists in the denial of a preliminary injunction. We agree. Accordingly, we affirm.
It is significant that this matter was heard only on a preliminary injunction. The question of waiver and estoppel to the use of a deceptively similar corporate name addresses itself to a hearing on the merits for a permanent injunction, the purpose of the preliminary injunction is to preserve the status quo until a determination can be made on the merits of the controversy. In Employers Overload Company v. Employers Overload Company of New Orleans, Inc., 266 So.2d 546 (La.App. 4th Cir. 1972), we stated: *735 •See also West Publishing Company v. Intrastate Pipeline Corporation, 254 So.2d 643 (La.App. 4th Cir. 1971).
*734 “The preliminary injunction is an interlocutory procedure, usually conservatory in nature, which has the object and purpose of maintaining or adjusting the existing status of litigants upon a prima facie showing that to do otherwise would result in irreparable injury, pending decision on the permanent injunction, which is dispositive of issues on the merits.”
*735 The pertinent provisions of the statute upon which plaintiff bases its claim for in-junctive relief provides discretion on the part of the trial judge in granting injunc-tive relief. See LSA-R.S. 12:23(F) which provides that the court having jurisdiction may enjoin a corporation from doing business under an assumed name in violation of the statute. See also LSA-C.C.P. art. 3601.
We are confronted, therefore, with the question of whether or not the trial judge abused his discretion when he refused to issue the preliminary injunction. Plaintiff seeks not only injunctive relief but also an accounting. It is conceivable that if a preliminary injunction is not issued pending a hearing on the merits that the Mississippi corporation might be damaged by the use of the corporate name by the Louisiana corporation pending a final determination of this matter. It is also conceivable that if a preliminary injunction does issue that the Louisiana corporation can be damaged because of the inability to use the corporate name in Louisiana pending a hearing on the merits. At any rate, the trial judge in his wisdom concluded that a preliminary injunction should not issue. We cannot say from the record that the trial judge abused his discretion in denying the request for a preliminary injunction.
It is apparent from the record that a dispute exists between the parties concerning the value of the stock of the Mississippi corporation and the value of the assets in Louisiana. Upon a resolution of the dispute after a hearing on the merits, and after an accounting is made as requested, presumably inequities that might have resulted by the failure to issue the preliminary injunction might be rectified. Having concluded that the trial judge did not abuse his discretion in the denial of the request for a preliminary injunction, we affirm the judgment of the trial court. Judgment affirmed.
Affirmed.
SCHOTT, J., concurs with written reasons.