ON EXPEDITED APPEAL FROM A JUDGMENT DENYING PRELIMINARY INJUNCTION
GULOTTA, Chief Judge.
Plaintiffs appeal from a judgment of the trial court dismissing their petition for a preliminary injunction.
The matter was submitted to the trial court on stipulated facts, exhibits, and memoranda. The facts are that on June 5, 1987, plaintiffs occupied positions 1, 2 and 3 in a line at the Louisiana Wildlife and Fisheries building to submit applications for oyster leases and had been in those positions continuously since May 26, 1987. The New Orleans Police Department dispersed and disassembled the line of persons in accordance with a June 5, 1987 directive from the Department of Wildlife and Fisheries. Plaintiffs involuntarily left the line to await notice from the Department regarding the location of the new place to line up for submitting the applications.
*843 When the plaintiffs received notice on July 17, 1987, they returned to line up again, but found that their positions in line had been preempted by two other persons who had obtained the number 1 and 2 positions. It was further stipulated that the Department had allowed applicants for oyster leases in 1982 and 1986 to form a line. In 1982 the line was formed for less than a week and in 1986 for six days.
There was no stipulation that the matter would be heard on preliminary and permanent injunctions. Therefore, we are concerned here only with a preliminary injunction.
Well settled in our law is the rule that the purpose of a preliminary injunction is to maintain or adjust the existing status of litigants upon a prima facie showing that to do otherwise would result in irreparable injury pending a decision on a permanent injunction. See Cooper-Weir, Inc. v. Cooper, 309 So.2d 732 (La.App. 4th Cir.1975).
This court agrees with the findings of the trial judge as set forth as follows in his reasons for judgment:
"... From the facts of the case before the Court and considering the stipulations, the actions of the Louisiana Department of Wildlife and Fisheries Seafood Division complained of were injurious to the petitioners in contravention of its rules, policy, and custom_”
We disagree, however, with the trial judge’s determination that plaintiffs have an adequate remedy at law in lieu of and as a substitute for equitable injunctive relief.
Although in some cases the granting of injunctive relief might pose practical problems of enforcement, those problems are obviated in this case. When the line of applicants was dispersed by the New Orleans Police in accordance with the request from Wildlife and Fisheries, the sergeant dispersing the line made a list of the positions of the applicants in numerical order. That list shows the plaintiffs to occupy the 1, 2 and 3 positions as set forth in their petition and as stipulated to between counsel.
As pointed out by the trial judge, the stipulations and exhibits support the factual claims made by plaintiffs. When we consider that the Department’s actions were injurious to petitioners in contravention of the Department’s own rules, policies and customs, and that an injunction would provide a practical and reasonable remedy, we conclude that plaintiffs are entitled to equitable relief.
We recognize that the Department is bound by the legislative act which provides: When applications are made by two or more persons for the same water bottoms, the applicant who files the first application has prior claim_” See LSA-R.S. 56:427(B). Nonetheless, the Department’s policy of accepting applications on a “first come/first serve basis” must insure a safe, fair, and supervised method of carrying out this rather awkward, cumbersome, and dangerous requirement. Perhaps legislative change is necessary.
Having so concluded, we hold that plaintiffs are entitled to a preliminary injunction.
Accordingly, the judgment of the trial court dismissing plaintiffs’ suit is reversed and set aside. It is now ordered that a preliminary writ of injunction be granted enjoining the Louisiana Department of Wildlife and Fisheries Seafood Division from awarding oyster leases on a first-come, first-serve basis where plaintiffs are denied the positions of 1, 2 and 3 in the allotment of leases. It is further ordered that the Department of Wildlife and Fisheries award the oyster leases on a first-come, first-serve basis in accordance with the numerical list of applicants as compiled by the New Orleans Police Department (included in the record as exhibit C) insofar as placing petitioners in the positions of 1, 2 and 3.
The matter is remanded to the trial court for further proceedings consistent with this decree.
REVERSED AND REMANDED; PRELIMINARY INJUNCTION GRANTED.