254 So.2d 643 (1971)
WEST PUBLISHING COMPANY
v.
INTRASTATE PIPELINE CORPORATION et al.
No. 4492.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1971.
Rehearing Denied December 6, 1971.
Writ Refused January 11, 1972.
*644 Favret & Drolla, Clarence F. Favret, Jr., and F. Joseph Drolla, Jr., New Orleans, for plaintiff-appellant.
James R. Mary, New Orleans, for Intrastate Pipeline Corp. and in pro. per.
Before SAMUEL, REDMANN and LEMMON, JJ.
*645 SAMUEL, Judge.
On October 15, 1969 West Publishing Company obtained a default judgment against James R. Mary in the amount of $7,666.36, the balance due on an open account. Mary did not appeal. On June 12, 1970, long after the judgment had become final, Mary and the other named defendant, Intrastate Pipeline Corporation filed a petition seeking the nullity of the judgment, damages, a temporary restraining order prohibiting West from proceeding with enforcement of the judgment, and a preliminary injunction to the same effect as the restraining order. The district court issued the restraining order and, after trial of the rule to show cause why the preliminary injunction should not issue, rendered judgment granting the preliminary injunction as prayed. West has appealed. In this court Mary and Intrastate have moved to dismiss the appeal.

On The Motion To Dismiss The Appeal
The motion to dismiss is based on two contentions: (1) West, a foreign corporation, is transacting business in this state without authority to do so and without having paid taxes and licenses due the state and therefore is prohibited by LSA-R.S. 12:211 from presenting its demand before any court of this state; and (2) the record is incomplete due to noncompliance with an order of this court directing West to complete the record. Neither contention has merit.
In pertinent part, LSA-R.S. 12:211 (A) does provide:
"No corporation doing business in this state shall be permitted to present any judicial demand before any court of this state, unless it has complied with the laws of this state for doing business herein, and has paid all taxes, excises, and licenses due to the state. * * *" LSA-R.S. 12:211(A).
However, under LSA-R.S. 12:211 (A), a corporation may institute a judicial demand when it complies with state laws for doing business in Louisiana and pays all taxes, excises and licenses due the state. Even where its suit has been dismissed for noncompliance with the statute, it may bring the suit again after discharging its obligations to the state. Thus the objection under LSA-R.S. 12:211(A) can only delay or retard, and cannot defeat, the action and the objection is in the nature of a dilatory exception (LSA-C.C. P. Art. 923).[1] On this question Outdoor Electric Advertising v. Saurage, 207 La. 344, 21 So.2d 375, handed down by the Supreme Court of Louisiana, is directly in point and therefore controlling on this court.
Inter alia, LSA-C.C.P. Art. 926 provides: "All objections which may be raised through the dilatory exception are waived unless pleaded therein" and LSA-C.C.P. Art. 928 provides that the dilatory exception shall be pleaded prior to answer or judgment by default. As the objection here is made only after judgment by default, it comes too late and has been waived.
The second contention, that the record is incomplete, was made in a prior motion to dismiss (or alternatively to remand) filed in this court by Mary and Intrastate. Acting on that prior motion we ordered West to complete the record within sixty days and West apparently complied. But when the case was heard on October 11, 1971 Mary argued the record remained incomplete in that it did not contain two minute entries dated August 20 and 24, 1969. We then gave all litigants the right to complete the record, if in fact it was incomplete, *646 and also gave Mary the right to make further objections relative to the record.
As a result of the above, West has filed in the record a certificate by the minute clerk of the trial court stating there are no minute entries for August 20 or 24, 1969 and Mary has made no further objection relative to the record being incomplete. Accordingly, the simple answer to the second contention is that it is now factually incorrect; the record is now complete.

On The Merits Of The Appeal
As the suit for nullity has not been tried on the merits,[2] the only matter before us on this appeal is the judgment granting the preliminary injunction which prohibits West from proceeding with the enforcement of its default judgment against Mary.
The grounds for nullity alleged in the petition for that relief are: (1) West was prohibited from presenting its demand before the trial court under LSA-R.S. 12:211, the same argument made in the first contention seeking dismissal of the appeal; (2) the judgment sought to be annulled was obtained by fraud and ill practices[3]; and (3) exhibits filed by West during its confirmation of the default taken against Mary show privity of contract only between West and the other original defendant, Intrastate, and no privity of contract between West and Mary. In addition, in this court appellees contend no valid judgment by default was taken.[4]
What we have said relative to LSA-R.S. 12:211 in our discussion of the motion to dismiss is applicable to the merits of this appeal. Having failed to make timely objection thereto, appellees have waived and lost the right to object to the presentation by West of its claim before the courts of this state.
Nor do we find any merit in the contention relative to the judgment having been obtained by fraud and ill practices. Other than the fact that West filed its suit and obtained a timely default judgment, and obviously this in itself does not constitute fraud or ill practices, the record before us is completely devoid of any evidence showing or tending to show fraud or ill practices.
In connection with the third allegation, relative to exhibits and an absence of a showing of privity of contract between West and Mary, we note the record contains testimony tending to show such privity. However, we cannot consider the merits of that allegation. Such error, if any, in the trial court judgment is a matter for review only on appeal timely taken and cannot be corrected or considered in this action for nullity which cannot be substituted for, or take the place of, an appeal. Walsh v. Walsh, 215 La. 1099, 42 So.2d 860; Alleman v. Guillot, La.App., 225 So. 2d 607; Romero v. Galley, La.App., 79 So.2d 625.
The main thrust of appellees' argument in this court is concerned with the contention that no valid judgment by default was taken against Mary. That judgment, dated October 15, 1969, confirmed and made final a preliminary default entered on August 21, 1969. Three entries of the granting of preliminary defaults are stamped on the trial court jacket under the respective dates of August 21, 1969, August 24, 1970 and August 29, 1970. Under the August 21, 1969 stamp are handwritten the words "as to defendant James R. Mary only". Under the August 29, 1970 stamp are handwritten the words "default against James R. Mary only". Across and opposite from the August 24, 1970 stamp are handwritten the words "against Intrastate Pipeline Corp. only". The August 24, 1970 *647 stamp bears no signature while the other two are signed by a court clerk.
Because the stamped entries of default dated August 21, 1969 and August 24, 1970 are in close proximity, appellees argue the words "against Intrastate Pipeline Corp. only" refer to the August 21 stamp, the words "as to James R. Mary only" refer to the August 24, 1970 unsigned stamp, and therefore the October 15, 1969 judgment, which confirmed the preliminary default entered on August 21, 1969, is invalid because that preliminary default was taken only against Intrastate and not against Mary. We note the minute entry of August 21, 1969, an extract of which is in the record, does not settle the question. The extract simply states the court ordered "judgment by default against defendants in the following causes:" and then lists the instant case by title and, presumably, other cases. Thus the minute entry could include both defendants, Mary and Intrastate, or it could refer to either one.
We do not agree with the argument. Our examination of the jacket and the entries stamped on its face satisfy us that the writing restricting the entry to "Mary only" refers to the August 21, 1969 entry of preliminary default which was confirmed by the judgment sought to be annulled and the writing restricting the entry to Intrastate "only" quite clearly refers to the August 24, 1970, and not the August 21, 1969, entry of preliminary default.
One of the essential differences between a preliminary injunction and a permanent injunction, in addition to different delays, pleadings and types of admissible evidence, is that the former is interlocutory in nature and designed to preserve the status quo until a determination can be made on the merits of the controversy. Consequently, a preliminary injunction may issue merely on a prima facie showing by the plaintiff that he is entitled to the relief sought and that he would suffer irreparable injury if the same is not granted, while a permanent injunction requires a preponderance of the evidence to support its issuance. Melancon v. Assumption Parish Police Jury, La.App., 231 So.2d 690; Cloud v. Dyess, La.App., 172 So.2d 528; Baton Rouge Cigarette Service v. Bloomenstiel, La.App., 88 So.2d 742.
Thus, in the instant case it was necessary for appellees to make at least a prima facie showing of a valid ground for annulling the judgment against Mary. They have failed to do this; the record before us does not contain even a prima facie showing of the existence of any valid ground for annulment. Under these circumstances appellees are not entitled to a preliminary injunction restraining and prohibiting West from enforcing the judgment. However, as there has been no trial on the merits of the petition for nullity or of the permanent injunction, we must remand the case for the purpose of hearing and determining the questions of nullity and, in the event the default judgment is found to be null, the issuance of a permanent injunction.
For the reasons assigned, the judgment appealed from is reversed, the preliminary injunction prayed for by the appellees is denied, and the matter is remanded to the trial court for further proceedings in accordance with law and consistent with the views herein expressed.
Reversed and remanded.
NOTES
[1] Specifically, the objection, which may be raised by the dilatory exception, is lack of procedural capacity under LSA-C.C.P. Art. 926(6). Mid-Continent Refrigerator Co. v. Hurst, La.App., 205 So.2d 734; J. R. Watkins Co. v. Floyd, La.App., 119 So.2d 164.
[2] The only matter tendered to the court and submitted to it for adjudication under the rule nisi was why a preliminary injunction should not issue. Ridge Park v. Police Jury of Jefferson Parish, 210 La. 351, 27 So.2d 128.
[3] LSA-C.C.P. Art. 2004.
[4] LSA-C.C.P. Art. 2002.