SCHOTT, Judge.
We grant certiorari in order to consider the validity of a judgment of the trial court overruling applicants’ exception of lack of procedural capacity on the part of respondent, Diesel Engineering, S.A.
Respondent brought suit against applicants on a promissory note alleging that it was a corporation organized and existing under the laws of the Republic of Panama, authorized to do and doing business in the State of Louisiana. Applicants’ exception of lack of procedural capacity was based on LSA-R.S. 12:314 which provides as follows:
“A. No foreign corporation transacting business in this state shall be permitted to present any judicial demand before any court of this state, unless it has been authorized to transact such business, if required by, and as provided in, this Chapter, and has paid all taxes, excises and licenses due to the state. The burden of proof shall rest upon the corporation to establish that it has been so authorized, and the only legal evidence thereof shall be the certificate of the Secretary of State or a duly authenticated copy thereof. .. .”
Filed into evidence was a certificate of qualification by the Secretary of State as to Diesel Engineering, Inc. Also filed was a letter from the Secretary of State advising that his records failed to reveal a corporation qualified in Louisiana under the name Diesel Engineering, S.A.
At the hearing on the exception, the trial judge concluded that Diesel Engineering, S.A. and Diesel Engineering, Inc. were “obviously the same corporation” because “S.A. is the Spanish equivalent of Inc.”
We disagree with this reasoning and have concluded that the judgment is erroneous. The corporation which brought this suit and seeks to obtain a judgment in its name is Diesel Engineering, S.A. While the terms S.A. and Inc. may be synonymous the alleged corporate names are not the same. If Diesel Engineering, Inc. is the real party plaintiff at interest, why did it not bring the suit in its own name? On the other hand, if Diesel Engineering, S.A. obtains a judgment the judgment creditor will not necessarily be the corporation which is authorized to bring the suit in our courts; namely, Diesel Engineering, Inc.
In its response to this court the respondent does not offer any authority in support of the trial judge’s reasoning but instead makes the argument that R.S. 12:314 A does not apply because it is not transacting business within the provisions of R.S. 12:302. However, respondent is precluded from this argument by its own petition in which it alleged that it was doing business in the state, and the record of the hearing on the exception which contains a statement by the trial court as follows:
*934 “It is stipulated that Diesel Engineering, S.A. is doing business in Louisiana within the meaning of revised statute 12:314 and had the burden before access to Louisiana courts of qualifying in accordance with the corporate laws of Louisiana.”
If the two corporations are the same respondents’ simple remedy was to amend its petition so as to allege its proper name and to obtain judgment in that name. Its failure to do so raises the question as to whether the two corporations are the same entity.
Under LSA-C.C.P. Art. 933, if the grounds for the objection pleaded in the dilatory exception may be removed by amendment of the petition the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court. In our decree we will make such provisions, and if the two corporations are not the same this will not preclude respondent from bringing its suit again after properly qualifying with the Secretary of State. West Publishing Co. v. Intra-State Pipe Line Corp., 254 So.2d 643 (La.App. 4th Cir. 1971) writs refused, 260 La. 405, 256 So.2d 290.
Accordingly, the judgment of the trial court overruling the dilatory exception of want of procedural capacity filed by applicants is reversed and set aside and there is judgment in favor of Environmental Aids Corporation and Fran J. Richardson, Jr., applicants herein, and defendants in the trial court, maintaining their exception of lack of procedural capacity. If Diesel Engineering, S.A. is the same corporation as Diesel Engineering, Inc., respondent is ordered to amend its petition to allege its proper name and to seek judgment in its proper name within ten days from the date the judgment of this court becomes final and upon its failure to so amend, the trial court is ordered to dismiss plaintiff-respondents' suit. The case is remanded to the trial court for further proceedings.
WRITS GRANTED, REVERSED, AND REMANDED.