863 So.2d 557 (2003)
Casey BILLIESON, Individually and on Behalf of her Minor Children, Ryan Billieson and Ronnie Gladstone; and Dione Coleman, Individually and on Behalf of her Minor Children, Dwayne Coleman, Ciera Coleman and Marcel Coleman; and Rose Thomas, et al.
v.
CITY OF NEW ORLEANS, Housing Authority of New Orleans, C.J. Brown Public Housing Management Company, XYZ Insurance Company, and Louisiana Insurance Guaranty Association.
No. 2002-CA-1993.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 2003.
Rehearing Denied February 3, 2004.
*558 Gary J. Gambel, Molly B. Halloran, Murphy, Rogers & Sloss, Joseph M. Bruno, Bruno & Bruno, Gilbert V. Andry, IV, The Andry Law Firm, Suzette Peychaud-Bagneris, Harvey, Jacobson & Glago, Jennifer Willis, Cater & Willis, New Orleans, LA, Deborah M. Sulzer, Gauthier, Downing, LaBarre, Dean & Sulzer, Metairie, LA, and Walter J. Leger, Jr., Leger & Mestayer, New Orleans, LA, for Plaintiff/Appellee.
Campbell E. Wallace, Jonathan C. McCall, Douglas L. Grundmeyer, Chaffe, McCall, Phillips, Toler & Sarpy, L.L.P., New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD).
TERRI F. LOVE, Judge.
This case arises out of a personal injury class action wherein school-aged children were allegedly lead-poisoned in buildings *559 owned by the Housing Authority of New Orleans ("HANO") and managed at various times by The Management Group of America ("TMGA") and C.J. Brown Property Management ("CJB"). Taliafaro, Inc. ("Taliafaro") and The Management Group of America, Inc. ("TMGA") now appeal the district court's denial of an exception of prematurity based on the right to arbitrate and motion to compel arbitration.
FACTS AND PROCEDURAL HISTORY
A lawsuit was filed on behalf of school age children who were allegedly lead poisoned in New Orleans public housing, which contained lead-based paint. The housing developments are owned and managed by the Housing Authority of New Orleans. At various times, the housing developments were managed by two private companies, The Management Group of America ("TMGA") and C.J. Brown Property Management ("CJB").
This class action lawsuit has been ongoing for approximately nine years. A trial date has been set for August 18, 2003. In August of 2000, HANO filed a third-party demand against TMGA, which sought indemnity from TMGA based on TMGA's agreement with HANO to operate and manage HANO properties in Orleans Parish from September 1989 to August 1991. This agreement included an arbitration clause. TMGA and Taliafaro were subsequently added as direct defendants in plaintiffs' fourth supplemental and amending petition in 2001. HANO filed suit against Taliafaro alleging that it acted as TMGA's alter ego. TMGA subsequently filed a declinatory exception of lack of subject matter jurisdiction, a motion to compel arbitration, and a stay of the proceedings pending arbitration. The trial court denied the declinatory motions and the motion to stay the proceedings. Specifically, the trial court noted that the plaintiffs were neither asserting a cause of action based on the terms of the agreement between HANO and TMGA/Taliafaro nor were the plaintiffs seeking to enforce the contract and therefore the plaintiffs were not bound by the arbitration clause included in the contract. TMGA and Taliafaro sought an order granting a suspensive appeal based on the trial court's denial of their declinatory exception of lack of subject matter jurisdiction, motion to compel arbitration, and the motion to stay the proceedings. The trial court signed an ex parte order granting a suspensive appeal in favor of TMGA and Taliafaro. However, after a hearing on the issue, the order granting the suspensive appeal was rescinded by the trial court. In its written reasons, the trial court opined that "a non-signatory to an arbitration provision in a contract can only be bound by the terms of an arbitration clause if the non-signatory is asserting claims that require reliance on the terms of the written agreement." Furthermore, the trial court stated the July 24, 2002, judgment, which vacated the order granting a suspensive appeal, was not a final appealable judgment. TMGA then sought writs with this court arguing the trial court was divested of jurisdiction when it vacated the order, which granted the suspensive appeal. This court agreed with TMGA on the issue of jurisdiction and reversed the trial court's ruling, thereby reinstating Taliafaro and TMGA's right to file a suspensive appeal. The plaintiffs subsequently filed a motion to dismiss, which was denied by this court. The defendant files this appeal and we affirm the trial court for the following reasons:
ASSIGNMENT OF ERROR ONE
The TMGA and Taliafaro argue that the trial court erred in denying their motion to compel arbitration and motion to stay proceedings.
Arbitration is a substitute for litigation. Montelepre v. Waring Architects, *560 XXXX-XXXX (La.App. 4 Cir. 5/16/01), 787 So.2d 1127. The purpose of arbitration is settlement of differences in a fast, inexpensive manner before a tribunal chosen by the parties. The parties may submit all their differences or only some of them. La. C.C. art. 3102. Our judicial system is precluded from exercising jurisdiction once arbitration has commenced. Spencer v. Hoffman, 392 So.2d 190 (La.App. 4th Cir. 1980).
The determination as to whether to stay or compel arbitration is a question of law. Hennecke v. Canepa, 96-0772 (La.App. 4 Cir. 5/21/97), 700 So.2d 521. The standard of appellate review of questions of law is to determine whether the trial court was legally correct or legally incorrect. Cangelosi v. Allstate Insurance Co., 96-0159 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358. If the trial court's decision was based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court. Conagra Poultry Co. v. Collingsworth, 30,155, p. 2 (La.App. 2 Cir.1/21/98), 705 So.2d 1280, 1281-1282.
La. R.S. 9:4202 states:
If any suit or proceedings be brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which suit is pending, upon being satisfied that the issue involved in the suit or proceedings is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until an arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with the arbitration.
In the instant case, the trial court reasoned in its judgment that:
The plaintiff's [sic] in this case are simply seeking to assert liability against The Management Group of America, Inc. (TMGA) and Taliafaro, Inc. (Taliafaro) as a result of TMGA's contract with The Housing Authority of New Orleans (HANO). The plaintiffs are not seeking enforcement of the contract between HANO and TMGA/Taliafaro.
The plaintiffs' claims against TMGA/Taliafaro's are based on strict liability and negligence, which stem from the appellant's alleged breach of their duty to manage and operate the public housing developments in Orleans Parish. A review of the arbitration agreement reveals the arbitration clause contained in the agreement between HANO and TMGA/Talifaro did not address tort claims brought by third parties. Article 20 of the agreement between TMGA and HANO does stipulate that in the event a third party sues TMGA, in its capacity as a contractor under the agreement, TMGA was authorized to obtain independent counsel to represent them in the matter and this expense would be covered under the agreement. Based on the nature of the plaintiffs' claims and the narrow scope of the arbitration provision, we are of the opinion that the trial court did not err in finding that the plaintiffs' claims do not hinge upon the enforcement or terms of the contract between HANO and TMGA/Taliafaro, and consequently, do not fall within the confines of arbitration clause.
For reasons discussed in assignment of error two, we hold that the plaintiffs in this case were not signatories to the HANO/TMGA agreement, and therefore, are not bound to arbitrate this matter. Thus, it is not necessary to discuss TMGA's alleged waiver of its right to arbitrate.
*561 ASSIGNMENT OF ERROR TWO
TMGA and Taliafaro argue that the trial court erred in refusing to hold HANO as a signatory and plaintiffs as non-signatories to the binding arbitration clause of the contract between HANO and Taliafaro.
In Lakeland Anesthesia, Inc. v. CIGNA Healthcare of LA, Inc., XXXX-XXXX, p. 4 (La.App. 4 Cir. 2/6/02), 812 So.2d 695, 698, this Court stated:
The Louisiana Arbitration Law ("LAL") is virtually identical to the United States Arbitration Act, 9 U.S.C. §§ 1. 14; thus, Louisiana courts look to federal law in interpreting the LAL. Blount v. Smith Barney Shearson, Inc., 96-0207, p. 5 (La.App. 4 Cir. 2/12/97), 695 So.2d 1001, 1003. Citing the Steelworkers' Trilogy, the United States Supreme Court in AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) established four "precepts" for determining whether a given dispute must be submitted to arbitration. Only the first and fourth of those precepts are pertinent to this case. The first precept is that "`arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" 475 So.2d[U.S.] at 648[, 106 S.Ct. 1415], quoting Schneider Moving & Storage Co. v. Robbins, 466 U.S. 364, 371-372, 104 S.Ct. 1844, 80 L.Ed.2d 366 (1984). The fourth precept is that "where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that `[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Id. at 650, 106 S.Ct. 1415.
Although the plaintiffs did not sign the agreement, TMGA and Taliafaro argue that the arbitration clause applies to the plaintiffs' claims, because the plaintiffs cannot claim the benefit of the contract and then sue on the basis of the same contract. TMGA and Taliafaro point to the language contained in the contract to support their contention. A review of the contract reveals that it was signed by M. Delois Strum, president of TMGA, and by Augusta Kerry, chairperson of HANO, and includes the following language addressing arbitration:
It is hereby agreed that if, at any time hereafter, any dispute, difference or question shall arise between the parties hereto regarding the meaning or effect of the contract or of any act or omission to act of either of the parties or of the rights or liabilities of either of the parties under this contract, every such dispute, difference or question, except where provision is expressly made herein for the settlement of any such question in some other manner, shall be referred to arbitration in the following manner: Within 15 days after execution of the contract, both parties shall notify each other and the Mayor of the appointment of each parties' selection of one individual to serve as arbitrator for the party to the contract. In addition, a request shall be made to the Mayor to appoint a third arbitrator within 25 days from the execution of the contract.
The plaintiffs assert that the contract between TMGA/Taliafaro and HANO was never intended to govern third party tort claims like the claims of the Billieson children. The trial court agreed with the plaintiffs when it ruled:

*562 There is jurisprudence to support, pursuant to an equitable estoppel doctrine, a non-signatory-to-an-arbitration-agreement-defendant compelling arbitration against a signatory-plaintiff. Grigson v. Creative Artists Agency, L.L.C., 210 F.3d 524 (5th Cir.2000). However, a nonsignatory to an arbitration provision in a contract can only be bound by the terms of an arbitration clause if the nonsignatory is asserting claims that require reliance on the terms of the written agreement. The plaintiff's [sic] in this case are simply seeking to assert liability against the Management Group of America, Inc. (TMGA) and Taliafaro, Inc. (Taliafaro) as a result of TMGA's contract with the Housing Authority of New Orleans (HANO). The plaintiffs are not seeking enforcement of the contract between HANO and TMGA/Taliafaro. Defendants' argue that arbitration agreements are enforced in personal injury claims. However, they cite no case where a personal injury litigant was ordered to arbitrate where he was not a party to an arbitration agreement.
A review of the contract reveals that none of the plaintiffs were signatories to the contract between TMGA/Taliafaro and HANO. The plaintiffs are asserting personal injury claims against the defendants. The claims are not in any way associated with the enforcement of the terms of the contract. Consequently, the third party tort claims in the instant case do not fall within the parameters of the arbitration agreement.
Therefore, we are in agreement with the trial court in that, the plaintiffs cannot be bound to arbitrate based on a contract in which they are not signatories. This argument has no merit.
ASSIGNMENT OF ERROR THREE
TMGA and Taliafaro further argue that the trial court erred in refusing to recognize plaintiffs' admitted status as a Third-Party Beneficiary bound to the arbitration clause.
This court set forth the requirements for proving that one is a third-party beneficiary of a contract as follows in Concept Design, Inc. v. J.J. Krebs & Sons, Inc., 96-1295 (La.App. 4th Cir.3/19/97), 692 So.2d 1203, 1205-1206:
Under Louisiana law, a contract for the benefit of a third party is referred to as a stipulation pour autri. Whitney National Bank v. Howard Weil Financial Corp., 93-CA-1568 (La.App. 4th Cir.1/27/94), 631 So.2d 1308, 1310 ... "In order to establish a stipulation pour autri there must be a clear expression of intent to benefit the third party. The third party relationship must form the consideration for a condition of the contract; the benefit may not be merely incidental to the contract." State, In re Adoption of S.R.P., 555 So.2d 612, 618 (La.App. 4th Cir.1989). A contract, in order to constitute a stipulation pour autri, must be "in writing and clearly manifest an intention to confer a benefit upon a third party". DePaul Hospital v. Mutual Life Ins. Co., 487 So.2d 143, 146 (La.App. 4th Cir.1986).
Recently, this court clarified third party beneficiary status in Simpson v. Pep BoysManny Moe & Jack, Inc., XXXX-XXXX, p. 32 (La.App. 4 Cir. 4/10/03), 847 So.2d 617, 625 by referring to the arbitration agreement in Stadtlander v. Ryan's Family Steakhouses, Inc., 34,384, p. 5 (La. App. 2 Cir. 4/4/01), 794 So.2d 881. Specifically, the court stated Stadtlander "is an example of a clear third party beneficiary contract. The arbitration agreement at issue was between a potential employee *563 and an arbitration firm: the agreement specifically stated that the potential employer was a third party beneficiary and also stated that every potential employee was a third party beneficiary of every other potential employee's arbitration agreement. Thus, the court found that the intended benefit to third parties was not merely incidental." Id.
The arbitration agreement in the instant case is between HANO and TMGA/Taliafaro only. We do not find a clear, unequivocal written expression designating the plaintiffs as third-party beneficiaries, which would effectively confer a benefit to the plaintiffs in the contract. The arbitration agreement executed between HANO and TMGA/Taliafaro does not meet the test of a contract for the benefit of a third party. Accordingly, we find that the trial court judgment denying TMGA/Taliafaro's exception of prematurity/motion for stay pending arbitration is legally correct.
ASSIGNMENT OF ERROR FOUR
TMGA/Taliafaro also argue that the trial court erred when it concluded that the plaintiffs' claims were not within the scope of the arbitration clause contained in the agreement between TMGA/Taliafaro and HANO. Specifically, TMGA/Taliafaro argue that the doctrine of equitable estoppel requires the plaintiffs' claims to be arbitrated, because the claims require reliance on the contract between TMGA/Taliafaro and HANO. This argument is without merit.
This court in Lakeland Anesthesia, Inc. v. CIGNA Healthcare of LA, Inc., XXXX-XXXX, p. 7 (La.App. 4 Cir. 2/6/03), 812 So.2d 695, 701, (citing, "Schwegmann Bank and Trust Co. v. Dunne, 96-2410, p. 2 (La.App. 4 Cir. 4/30/97), 693 So.2d 349, 355). defined equitable estoppel as follows:" the effect of the voluntary conduct of a party whereby he is barred from asserting rights against another party justifiably relying on such conduct and who has changed his position to his detriment as a result of such reliance. In this case, this court noted that CIGNA HealthCare did not claim that "it changed its position in justifiable reliance on any voluntary conduct on the part of Lakeland Anesthesia. Thus, equitable estoppel does not apply to this case." Id. The Louisiana Supreme Court has held that "`Estoppel in its various forms seems to be a doctrine of last resort.' In Louisiana, no statutory material and no body of jurisprudence justifies its use. In this court we have discussed it, in modern times, only to disallow a claim that the opponent ought not to be able to make a certain claim or defense." Morris v. Friedman, 94-2808, p. 6 (La.11/27/95), 663 So.2d 19, 25.
In the instant case, the plaintiffs argue the nature of their claims lies in tort, not contract, which precludes the application of the equitable estoppel doctrine to the facts of this case. As previously discussed, we are in agreement with the plaintiffs on this issue. The doctrine of equitable estoppel applies to contract disputes. This case concerns the defendants' alleged tortious conduct and the liability, which stems from that tortious conduct. Also, similar to the Lakeland case, TMGA/Taliafaro has not claimed that it has changed its position in justifiable reliance on any voluntary conduct on the part of the plaintiffs. Thus, equitable estoppel does not apply to this case.
In conclusion, we find the trial court did not err in denying TMGA/Taliafaro's exceptions and motion to stay the proceedings pending arbitration based on the plaintiffs' status as non-signatories to the contract between TMGA/Taliafaro and HANO, the tortious nature of the claims asserted against the defendants, and the *564 failure of the contract to designate the plaintiffs as third-party beneficiaries.
AFFIRMED.