MADELEINE M. LANDRIEU, Judge.
hDennis Driscoll suspensively appeals the trial court’s judgment that distributed funds deposited into the registry of the court among himself; his brother, John Driscoll; and his cousin, Eileen Moore Ma-zaleski, in her capacity as executrix of the succession of her deceased mother, Muriel Moore. For the reasons that follow, we amend the judgment in part and affirm as amended.
FACTS AND PROCEEDINGS BELOW
On June 16, 2005, Dennis Driscoll filed the instant action against the succession of his aunt, Muriel Moore, for partition of 3117-3119 Cadiz Street, a side-by-side shotgun double Dennis co-owned with her prior to her death in February, 2005. The property consists of two separate residences that share exterior walls and a roof but have separate mailing addresses and exterior doors. The history of the ownership of this property is pertinent to this appeal.
For nearly forty years, the property was co-owned by two related married couples: John L. Driscoll and his wife Helen; and Edward C. Moore and his wife Muriel (the sister of Helen). The Driscolls lived in 3119 Cadiz with their two sons, |9John E. Driscoll and Dennis Driscoll. The Moores lived in 3117 Cadiz with their only child, a daughter named Eileen. In 1985, Helen Driscoll died, leaving her one-fourth ownership interest in the property to her two sons, with their father John L. Driscoll having a usufruct for life over their portion. A Judgment of Possession filed in Helen’s succession and registered in the conveyance records on July 3,1985 reflects this inheritance. In 1992, John E. Driscoll died, terminating the usufruct and leaving his own one-fourth interest in the property to his two sons equally, as reflected by a Judgment of Possession filed June 22, 1993. Approximately one year later, the two Driscoll sons agreed to split the various assets they had been left by their father in a different manner. As a result, John E. Driscoll and Dennis Driscoll signed and filed in the conveyance records on April 14, 1994, an Amended Judgment of Possession that granted Dennis an undivided one-half ownership interest in 3117-3119 Cadiz.
By this time, Edward Moore had also died, and his wife Muriel was living in 3117 *1143 Cadiz alone. From 1995 on, Dennis Dris-coll, co-owner with his aunt Muriel, lived with his family in Ohio and visited New Orleans approximately once per year, staying at 3119 Cadiz during those visits. Muriel Moore, however, paid the majority of the maintenance expenses, property taxes, and insurance premiums for the entire property until her death in February, 2005. Muriel bequeathed her share of the double to her daughter Eileen Moore Ma-zaleski, who serves as the executrix of her mother’s estate.
Is As noted previously, Dennis Driscoll filed the instant partition action in June, 2005, against Ms. Mazaleski, in her capacity as executrix of the Succession of Muriel Moore. Ms. Mazaleski answered the petition and asserted a reconventional demand against Dennis Driscoll and his brother, John E. Driscoll, seeking reimbursement for their share of common expenses Muriel Moore had paid for the benefit of the property. Ms. Mazaleski simultaneously filed an exception seeking the joinder of John E. Driscoll as an indispensable party to the plaintiffs action. In support of her exception, Ms. Mazaleski asserted that, according to the public records, John E. Driscoll was still the owner of the one-eighth undivided interest in 3117-3119 Cadiz that he had inherited from his mother, Helen.[1] In response to the exception, on August 18, 2005, Dennis Driscoll filed an amended petition adding John E. Dris-coll as a defendant to the partition action.
On August 29, 2005, Hurricane Katrina severely damaged the double. Ms. Mazale-ski deposited into the registry of the court the sum of $34,959.34, which represented one-half the insurance reimbursement she had received for the hurricane damage to the property. Additionally, in 2008, Dennis and John E. Driscoll agreed to jointly sell their combined one-half interest in the property to Ms. Mazaleski for the sum of $30,000.00, which was also deposited into the | ¿registry of the court. Accordingly, when the matter was tried on December 15, 2010, there were only two issues remaining to be decided:
(1) Determination of the respective ownership interests of John E. Driscoll and Dennis Driscoll at the time they conveyed their interests to Ms. Mazaleski, for the purpose of dividing the sale proceeds between the two brothers; and
(2) Determination of the amount of reimbursement for common expenses due the Succession of Muriel Moore by Dennis Driscoll and/or John E. Driscoll.
Dennis Driscoll, John E. Driscoll and Eileen Mazaleski testified as the only witnesses during a one-day bench trial held on December 15, 2010. On July 20, 2011, the trial court issued a detailed written judgment in which the trial judge noted that she had “bifurcated” the matter for the ease of addressing the two separate issues. Regarding the first issue, the ownership status of the property between Dennis and John Driscoll at the time they conveyed their interests to Ms. Mazaleski, the trial court held that John E. Driscoll still owned the one-eighth share he had acquired from his mother, while Dennis Driscoll owned a three-eighths share. Therefore, the trial court divided the *1144 $30,000.00 proceeds from the sale by awarding John twenty-five percent ($7,500.00) and Dennis seventy-five percent ($22,500.00). Regarding the second issue, Ms. Mazaleski’s reconventional demand for reimbursement of common expenses, the trial court held that the Succession of Moore was owed $24,231.30 by Dennis Driscoll, which amount |,^represented one-half of the common expenses paid by Muriel Moore for the benefit of the entire property, less one-half of the common expenses paid by Dennis Driscoll. The trial court therefore ordered that $24,231.30 of the $34,959.34 being held in the registry of the court, plus legal interest, be distributed by check to the Succession of Moore, and that the remainder be distributed by check to Dennis Driscoll. Finally, the trial court ordered that, in the event the funds on deposit with the Clerk of Court proved insufficient to satisfy the judgment in favor of the Succession of Moore, Dennis Driscoll was cast in judgment for the shortfall, as well as for all costs of the proceedings.
Dennis Driscoll filed a suspensive appeal from this judgment. The Succession of Moore filed an appellee brief contending that the portion of the judgment awarding reimbursement to the Succession and casting Dennis Driscoll in judgment for any shortfall and for costs should be affirmed. John E. Driscoll has not filed a brief or otherwise participated in this appeal.
ISSUES
On appeal, Dennis Driscoll asserts that the trial court committed two legal errors, namely:
(1) The trial court incorrectly held that John E. Driscoll retained a one-eighth interest in 3117-3119 Cadiz after he had signed the Amended Judgment of Possession, and thus incorrectly ordered that John E. Driscoll be awarded a portion of the sale proceeds held in the court registry;
| ñ(2) The trial court incorrectly failed to reduce the amount of the reimbursement owed to the Succession of Moore by the value of Muriel Moore’s enjoyment of the property, as required by Louisiana Civil Code article 806.
STANDARD OF REVIEW
The appellant asserts that the trial court has misinterpreted the law in two respects: (1) the effect of the Amended Judgment of Possession on the Driscoll brothers’ respective ownership interests, and (2) the application of Civil Code article 806 to the reimbursement claim. Because the appellant does not dispute the trial court’s factual findings but alleges only legal errors, the appropriate standard of review is as follows:
The standard of appellate review of questions of law is to determine whether the trial court was legally correct or legally incorrect. Cangelosi v. Allstate Insurance Co., 96-0159 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358. If the trial court’s decision was based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court. Conagm Poultry Co. v. Collingsworth, 30,155, p. 2 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280,1281-1282.
Billieson v. City of New Orleans, 2002-1993, pp. 3-4 (La.App. 4 Cir. 9/17/03), 863 So.2d 557, 560. We therefore have reviewed the record to determine whether the trial court correctly applied the law in this case.
DISCUSSION
We first note that the trial court’s judgment is inconsistent on its face. The trial court found that John E. Driscoll still *1145 owned a one-eighth interest in the property at the time he and his brother conveyed their combined interests to the Succession of Moore, and it therefore awarded John a corresponding percentage of |7the sale proceeds. Despite finding him to be a co-owner, however, the trial court did not require that John contribute any amount to the reimbursement awarded the Succession of Moore for the payment of common expenses; nor did the court award John any share of the insurance proceeds attached to the property.
Dennis Driscoll does not mention this inconsistency in his appellant brief. He does, however, argue that the trial court erred by finding that John was a co-owner entitled to receive a percentage of the sale proceeds. We first address that argument.

Respective Ownership Interests of Dennis and John Driscoll

In the instant case, John E. Driscoll testified that when he signed the 1994 Amended Judgment of Possession relative to his father’s succession, he intended to convey his entire interest in 3117-3119 Cadiz to his brother Dennis, and he believed he had done so. John further testified that he continued to believe he had no ownership interest in the property until the instant action was filed (in 2005), when he first learned, through his attorney, that on the face of the public records, he still owned a one-eighth share of the property he had inherited from his mother. John testified that if he were, in fact, still a co-owner, he wanted to pay his share of the reimbursement due his aunt’s succession for the common property expenses paid by her.
In oral reasons recited from the bench, the trial court judge stated that she had based her conclusion primarily upon Louisiana Civil Code Article 958. That article, however, which relates to the informal acceptance of succession property, |shas no applicability to the instant situation. The article provides: “Acts of the successor concerning property that he does not know belongs to the estate do not imply an intention to accept.” The relevant question for the trial court to answer was not whether John E. Driscoll had accepted his mother’s succession and/or his father’s succession. Rather, the issue was whether the 1994 Amended Judgment of Possession, which ordered that Dennis Driscoll be put into possession of “an undivided one-half (1/2) interest in and to” the immovable property designated as 3117-3119 Cadiz Street, could legally convey an undivided one-half interest to Dennis given that the decedent (the father of Dennis and John) owned only an undivided one-fourth interest at the time of his death, with his sons Dennis and John each owning the one-eighth interest they had acquired in 1985 from their mother’s succession. Although the 1994 Amended Judgment of Possession was filed in the conveyance records, there was no corresponding document amending the 1985 Judgment of Possession in the mother’s succession. Therefore, insofar as third persons were concerned, the 1994 Amended Judgment of Possession may not have been sufficient to convey to Dennis the one-eighth interest John had inherited from his mother. Therefore, at the time this lawsuit was instituted, the public records, at least arguably, reflected the ownership of 3117-3119 Cadiz to be as follows:
| ¡[Succession of Muriel Moore — undivided one-half interest;
Dennis Driscoll — undivided three-eighths interest; and
John E. Driscoll — undivided one-eighth *1146 interest.[2]
Louisiana Civil Code Article 1839 provides, in pertinent part: “An instrument involving immovable property shall have effect against third persons only from the time it is filed for registry in the parish where the property is located.” There is no question that Ms. Mazaleski, the original defendant in this partition action, is a “third person” within the terms of Article 1839. However, the issue presented for the trial court’s decision in the instant case was not whether John E. Driscoll still owned a one-eighth share vis-a-vis Ms. Mazaleski, but whether he retained that share vis-á-vis his brother Dennis. In 2008, prior to the trial of this action, John and Dennis jointly conveyed their combined interests to the Succession of Moore for $30,000.00. Thereafter, when Ms. Ma-zaleski deposited those sale proceeds into the registry of the court, she removed the Succession from any involvement in the trial court’s decision regarding Dennis’ and John’s prior ownership of the property. Because Dennis and John were both parties to the 1994 Amended Judgment of Possession, their rights with regard to each other were controlled by the document they signed rather than by the public records.
ImBy signing the Amended Judgment of Possession, Dennis and John made an agreement with each other that Dennis would take over John’s interest in 3117-3119 Cadiz in exchange for John receiving other consideration from his father’s succession. The testimony of the two brothers confirms that when they signed that document, their mutual intent was that John’s entire interest in the property be transferred to Dennis. Such a voluntary partition of property among co-owners/coheirs is recognized and permitted by Louisiana law.[3] Moreover, any attempt to refute the terms of the Amended Judgment of Possession in this proceeding would constitute a collateral attack on the judgment, which the law does not allow.[4]
Accordingly, we conclude that the trial court committed legal error by finding that John E. Driscoll retained a one-eighth interest in 3117-3119 Cadiz to the detriment of the ownership interest possessed by his brother Dennis at the time they jointly conveyed their mutual interests in the property to Ms. Mazaleski as executrix of the Succession of Moore. The trial court’s order that twenty-five percent of the proceeds from the sale of that property be distributed to John E. Driscoll and the remainder to Dennis Driscoll was legally incorrect. We therefore vacate that order and amend the judgment to order that the entire $30,000.00 proceeds of the sale be distributed to Dennis Driscoll. We note that our ruling cures the inconsistency that existed in the trial court’s original judgment.
*1147 | nReimbursement for Common Expenses Paid by Muriel Moore
Dennis Driscoll next argues that the trial court committed legal error by failing to reduce the amount of the reimbursement he owed his aunt’s succession by the value of her enjoyment of the property, as required by Louisiana Civil Code article 806. That article provides:
A co-owner who on account of the thing held in indivisión has incurred necessary expenses, expenses for ordinary maintenance and repairs, or necessary management expenses paid to a third person, is entitled to reimbursement from the other co-owners in proportion to their shares.
If the co-owner who incurred the expenses had the enjoyment of the thing held in indivisión, his reimbursement shall be reduced in proportion to the value of the enjoyment.
The trial court found that the reduction in reimbursement provided for in the second paragraph of article 806 was not applicable to the circumstances presented by the instant case. We agree.
Dennis Driscoll alleges in his brief that a reduction in the reimbursement is appropriate because “[i]t is undisputed that Ms. Moore had exclusive use of 3117 Cadiz Street, half of the Property, from January 1992 until February 2005, approximately 146 months.” Acknowledging this fact, we nevertheless conclude, as did the trial court, that no reduction for Ms. Moore’s enjoyment of the property is warranted. As the appellant admits, Ms. Moore did not have use or enjoyment of the entire property; she only had use or enjoyment of one-half, the side in which she lived. Dennis Driscoll did not rent out the other side, but he and his family stayed in that side whenever they visited New Orleans. Under these circumstances — a divided house co-owned by two parties, each of which has use of only his |12side — there is no reduction for enjoyment due under article 806. Accordingly, we conclude that the trial court’s failure to reduce the reimbursement owed the Succession of Moore was legally correct. -
CONCLUSION
For the reasons stated, we amend the judgment to delete the order distributing insurance proceeds in the amount of $7,500.00 to John E. Driscoll, and to increase the amount of insurance proceeds ordered to be distributed to Dennis Dris-coll to $30,000.00. In all other respects, the judgment of the trial court is affirmed.
AMENDED AND AFFIRMED AS AMENDED

. The memorandum in support of Ms. Ma-zaleski’s exception, filed in the trial court, suggests that because the 1994 Amended Judgment of Possession signed by the two Driscoll brothers was filed only in their father's succession, with no corresponding document filed in their mother’s succession, the 1994 Amended Judgment had transferred to Dennis only the one-eighth interest John had inherited from his father, not the one-eighth interest John had inherited from his mother in 1985. Ms. Mazaleski therefore believed that at the time the partition action was filed, her mother’s succession held a one-half share in the property, John held a one-eighth share, and Dennis held a three-eighths share.

. We do not decide here the issue of what ownership was reflected in the public records because that issue is now moot. Regardless of the respective ownership interests of Dennis and John prior to the sale to the Succession of Moore, their joint conveyance of their combined interests to the Succession in 2008 cleared the title on the public records, as evidenced by this opinion.

. See La. C.C. art. 809; and Katz v. Katz, 423 So.2d 1277 (La.App. 4th Cir.1982).

.In Allen v. Commercial Nat. Bank, 243 La. 840, 147 So.2d 865, 868 (1962), the Supreme Court stated: “No principle of law has received greater and more frequent sanction, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio." See also Salles v. Salles, 2004-1449 (La.App. 1 Cir. 12/2/05), 928 So.2d 1.