TERRENCE JACOBS        *       NO. 2019-CA-0285

VERSUS                 *       COURT OF APPEAL

BALENTINE CARBONDALE    *       FOURTH CIRCUIT
HOLDINGS, LLC

                                 *       STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-12688, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge

* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard,
Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins)

Yvette Anne D'Aunoy
Rebecca S. Miller
Marianne Garvey
THE MIDDLEBERG RIDDLE GROUP
909 Poydras Street, Suite 1400
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFF/APPELLANT


Jimmy A. Castex, Jr.
CASTEX ESNARD, L.L.C.
829 Baronne Street
New Orleans, LA 70113

      COUNSEL FOR DEFENDANT/APPELLEE

**JUDGMENT STRICKEN IN PART;
REMANDED FOR TRIAL ON THE MERITS**

**AUGUST 28, 2019**

In this appeal, Terrence Jacobs challenges the trial court's ruling on the merits of his underlying boundary action decided within its January 25, 2019 judgment following a summary hearing on Jacobs' request for a preliminary injunction. For the reasons that follow, we strike that portion of the judgment addressing the merits of the boundary action, and remand for a trial consistent this with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 19, 2018, Jacobs filed a boundary action against appellee Balentine Carbondale Holdings, LLC ("Balentine"), asking the trial court to set the boundary line between adjacent properties in the French Quarter owned by Jacobs and Balentine. On December 20, 2018, Jacobs filed a verified petition for a preliminary injunction and a temporary restraining order, seeking to enjoin Balentine from making any construction on or attachments to the fence separating the properties, pending a decision on the underlying boundary action.

1

On January 19, 2019, as a request for a preliminary injunction, the matter came for hearing based solely upon the parties' verified pleadings and supporting affidavits, rather than taking proof as in ordinary cases. *See* La. C.C.P. art. 3609. On January 25, 2019, after considering argument of counsel and upon its review of the verified petition, affidavits, exhibits, the opposition memorandum, and applicable law, the trial court denied Jacobs' request for a preliminary injunction. In the judgment, the trial court also stated that the disputed fence is located on the Balentine property:

> IT IS ORDERED, ADJUDGED AND DECREED, that Terrence Jacobs' application for injunctive relief is hereby DENIED, for those reasons orally stated in Court and based on the lack of sufficient evidence that Jacobs will likely prevail on the merits of his claims, **and that the fence (also referred to as "the wall" by the parties) belongs to and is located on the Balentine property**. (Emphasis added.)

On February 6, 2019, Jacobs filed a Motion for Devolutive Appeal, which was granted on that date.

## DISCUSSION

Jacobs lists a single assignment of error. Jacobs contends that the trial court erred in deciding the underlying boundary action at the hearing on the preliminary injunction. According to Jacobs, the only issue at the January 19, 2019 hearing was whether the preliminary injunction should issue maintaining the status quo until the boundary action could be heard. Jacobs argues that the trial court legally erred in ruling on the merits of the boundary action, *i.e.*, declaring "the fence . . . belongs to and is located on the Balentine property," without affording Jacobs a full trial.[1] We agree.

---

[1] Jacobs does not challenge the trial court's denial of his request for a preliminary injunction.

The record does not contain a transcript of the injunction hearing. The January 25, 2019 judgment states that it is based on the trial court's review of the verified petition, affidavits, exhibits, the opposition memorandum, and applicable law. Although we cannot determine whether evidence was offered by the parties, we find it unnecessary to remand for a transcribed hearing on the preliminary injunction because Jacobs doesn't challenge the denial of his request for an injunction. We address only Jacobs' position on the single legal issue he raises, which is whether the trial court legally erred in deciding the merits of the boundary action in a summary injunction proceeding, which is "dispositive of the case and in the interest of judicial economy to address." *See First Nat'l Bank of Commerce v. Williams*, 98-0315, 98-0316, p. 3 (La. App. 4 Cir. 9/30/98), 719 So.2d 663, 665.

"The standard of appellate review of questions of law is to determine whether the trial court was legally correct or legally incorrect." *Driscoll v. Mazaleski*, 11-1719, p. 6 (La. App. 4 Cir. 5/30/12), 95 So.3d 1140, 1144 (citing *Billieson v. City of New Orleans*, 02-1993, pp. 3-4 (La. App. 4 Cir. 9/17/03), 863 So.2d 557, 560). "If the trial court's decision was based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court." *Id*.

A preliminary injunction is an interlocutory device intended to preserve the status quo between the parties pending a trial on the merits. *Hyman v. Puckett*, 15-0930, p. 6 (La. App. 4 Cir. 5/4/16), 193 So.3d 1184, 1189. It is essentially an interlocutory order issued in a summary proceeding incidental to the main demand for permanent injunctive relief. *Bank One, National Ass'n v. Velten*, 04-2001, p. 5 (La. App. 4 Cir. 8/17/2005), 917 So.2d 454, 458. "The principal demand, as opposed to the [preliminary] injunction, is determined on its merits only after a full

3

trial under ordinary process, even though the hearing on the summary proceedings to obtain the injunction may touch upon or decide issues regarding the merits. *Id.*

There is a significant evidentiary difference between a judgment on a preliminary injunction and a judgment on the case's merits. *Employers Overload Co. v. Employers Overload Co. of New Orleans, Inc.*, 266 So.2d 546, 547-48 (La. App. 4th Cir. 1972). The purpose of the preliminary injunction, which is to maintain the existing status quo between the litigants, is granted upon a *prima facie* showing that the mover is entitled to relief and that he would suffer irreparable injury if the injunction is not granted. *Id.* (quoting *West Pub. Co. v. Intrastate Pipeline Corp.*, 254 So.2d 643, 647 (La. App. 4th Cir. 1971). In contrast, the permanent injunction (underlying action) requires that the mover support its issuance by a preponderance of the evidence. *Id.*

It is well settled that the trial of a rule for a preliminary injunction cannot replace a trial on the merits unless the parties so stipulate. *Transworld Drilling Co. v. Texas Gen. Petroleum Co.,* 517 So.2d 1262, 1263 (La. App. 4th Cir. 1987). "While in some cases the merits of an action may be decided during an interlocutory proceeding, this is only when the parties have expressly agreed to submit the case for final decision at the hearing on the rule for a preliminary injunction." *Zachary Mitigation Area, LLC v. Tangipahoa Parish Council*, 16-1675, p. 7 (La. App. 1 Cir. 9/21/17), 231 So.3d 687, 692. The record in the instant matter does not contain a stipulation between the parties agreeing to dispose of the entirety of the case during the preliminary injunction proceeding. *Id.* Although the trial court may have acted within its discretion to deny Jacobs' preliminary injunction, it was without authority to deny Jacobs' boundary claim absent an evidentiary trial on the merits. *See id.*

4

In sum, on January 11, 2019, the only issue before the trial court was whether a preliminary injunction should issue prohibiting Balentine from making any construction on the brick fence until a determination was made in the boundary action. The standard at this hearing was *prima facie*. The full trial on the merits of the boundary action is still pending, which must be tried as an ordinary proceeding. See La. C.C.P. art. 3691 ("An action to fix the boundary is an ordinary proceeding."). The trial court misapplied the law in ruling on the boundary action's merits at the preliminary injunction hearing, which improperly deprived Jacobs of the benefit of a full trial to which he is entitled.

## CONCLUSION

Based on the trial court's legal error, we strike that portion of the trial court's judgment, only in so far as it determines the location and ownership of the fence, and remand this matter for a trial on the merits of the boundary action.

**JUDGMENT STRICKEN IN PART;**
**REMANDED FOR TRIAL ON MERITS**