**HENRY HAWNEY AND JENNIFER AMEDEE HAWNEY**

**VERSUS**

**UNIQUE FURNITURE SOURCE, INC. A/K/A OLD SOUTH LIGHTING AND IRONWORKS, ROBBY L. TURNER**

\*

\*

\*

\*

\*

\* \* \* \* \* \* \*

**NO. 2022-CA-0268**

**COURT OF APPEAL**

**FOURTH CIRCUIT**

**STATE OF LOUISIANA**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-07029, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
\* \* \* \* \* \*
**Judge Daniel L. Dysart**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge Rachael D. Johnson)

William P. Wynne
TRAHANT WYNNE LLC
506 Water Street, Suite B
Madisonville, LA 70447

      COUNSEL FOR PLAINTIFF/APPELLANT

Brent Barber Boxill
Attorney At Law
8714 Jefferson Highway
Suite B
Baton Rouge, LA 70809

      COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED
NOVEMBER 2, 2022**

*DLD*
*EAL*
*RDJ*

This is a contract dispute in which the initial issue is whether an arbitration clause in the contract is enforceable. On March 7, 2022, the trial court granted Defendants', Old South Lighting and Ironworks (OSLI) and Robby Turner (Turner), Exception of Prematurity and stayed further proceedings pending arbitration.[1] Plaintiffs, Henry Hawney and Jennifer Amedee Hawney, timely appealed.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY**

The original home renovation contract was executed on January 26, 2017 and included updates to existing windows throughout the structure. The contract also included the following arbitration clause:

> 9. GOVERNING LAW/ARBITRATION: This order shall be governed by and construed in accordance with the laws of the State of Louisiana, USA, excluding its choice-of-law rules. Any dispute, controversy, or claim arising out of or relating to this sale shall be exclusively resolved by binding arbitration conducted in Baton Rouge, Louisiana, and administered by the American Arbitration Association pursuant to its Commercial Arbitration Rules. All legal fees will be paid by the non-prevailing party.

---

[1] Unique Furniture Source, Inc. does business as Old South Lighting and Ironworks and is owned and operated by Robby Turner.

The parties executed an amendment to the contract on January 8, 2018, to specify that only Low-E glass was to be used for the project. Low-E glass is used to insulate structures from outside heat so that the increased costs of cooling the structure during the warmer months is mitigated. Upon completion of the installation, the Hawneys noticed disparities in room temperatures throughout the house. As such, they hired a contractor to investigate the cause(s) of the fluctuations.

The contractor's report indicated that none of the newly-installed windows met the specifications for Low-E classification and that the windows that were actually installed contributed significantly to room temperature disparities. The Hawneys filed the current suit after the parties were unable to settle this matter among themselves. The Petition for Damages explicitly alleges five causes of action against Defendants: (1) violations of LUTPA; (2) intentional or negligent misrepresentation; (3) negligence; (4) detrimental reliance; and (5) breach of the warranty against redhibitory defects. Defendants chose not to answer the Petition, but instead to file an Exception of Prematurity or Alternative Motion for Stay, alleging that the arbitration clause divests the trial court of its jurisdiction over the matter and requires the dispute to be settled in arbitration.

On February 11, 2022, the trial court sustained Defendants' Exception of Prematurity and stayed further proceedings pending a judgment from the arbitrator. The judgment was reduced to writing and signed on March 7, 2022, and the Hawneys timely filed the current appeal.

## STANDARD OF REVIEW

"When an action is brought on an obligation before the right to enforce it has accrued, the action shall be dismissed as premature[.]" La. Civ. Code Proc. Art.

2

423. "The dilatory exception of prematurity questions whether the cause of action has matured to the point where it is ripe for judicial determination." *Alford v. CB Construction & Development, LLC*, 17-1063, p. 2 (La. App. 4 Cir. 6/6/18), 2018 WL 2716394, at *3, *citing* La. Code Civ. Proc. Art. 926. A determination regarding whether to stay or to compel arbitration is a question of law. *Saavedra v. Dealmaker Developments, LLC*, 08-1239, p. 6 (La. App. 4 Cir. 3/18/09), 8 So.3d 758, 762, *writ denied*, 09-0875 (La. 6/5/09), 9 So.3d 871 (citing *Billieson v. City of New Orleans*, 02-1993, p. 3 (La. App. 4 Cir. 9/17/03), 863 So.2d 557, 560). Courts of appeal review questions of law to ascertain whether a trial court is legally correct or incorrect. *Id*. When the question of law concerns the scope of an arbitration agreement, appellate courts review the record *de novo*. See *Collins v. Prudential Ins. Co. of Am.*, 99-1423, p. 7 n. 11 (La. 1/19/00), 752 So.2d 825, 830.

## DISCUSSION

On appeal, the Hawneys argue that the trial court erred in sustaining OSLI's and Turner's Exception of Prematurity and staying further proceedings pending arbitration. The Hawneys assert three (3) assignments of error:

1. The district court erred in ignoring the Louisiana Supreme Court's ruling in *George Engine Co., Inc. v. Southern Shipbuilding Corp.*, 350 So.2d 881 (La. 1977) and dismissing Appellant's Petition on the grounds that arbitration was mandated when Appellants pled and offered evidence that the Contract between the parties was purely subject to Louisiana law, not the Federal Arbitration Act, and that the Contract was void *ab initio* on the grounds of fraud and/or error;

2. The district court erred in dismissing the tort claims of appellants which fall outside of the scope of the arbitration agreement; and

3

3. The district court erred in dismissing the claims of Appellant, Harry Hawney, when Hawney was not a party to the Contract or its arbitration clause.

The Federal Arbitration Act (FAA) preempts all state arbitration laws when the contractual transactions have some nexus to interstate commerce. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995). Here, there is no nexus. Appellants show a lack thereof by pointing out that all parties to the contract are Louisiana citizens/residents, and their transactions have no effect on interstate commerce. Thus, the FAA does not automatically preempt state law in this case.

The arbitration clause in this contract states: "This order shall be governed by and construed in accordance with the laws of the State of Louisiana, excluding its choice-of-law rules. Any dispute, controversy, or claim arising out of or relating to this sale shall be exclusively resolved by binding arbitration…"

The Louisiana Binding Arbitration Act (LBAA) governs, and La. R.S. 9:4201 requires that the validity of the entire contract be determined by the district court rather than at arbitration.

> "A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

La. R.S. 9:4201. The Louisiana Supreme Court has opined that "by its very terms, Section 4201 presupposes the existence of a valid contract as a basis for invoking

arbitration." *George Engine Co., Inc. v. Southern Shipbuilding Corp.*, 350 So.2d 881 (1977). The Court continued by addressing vices of consent:

> "[L]ack of consent is one of the grounds for revoking a contract. It is a vice which rescinds the contract from its inception. Without valid consent there is no contract to be arbitrated. Surely a court would not be expected to compel arbitration of the conditions in a contract which does not exist in legal contemplation."

*Id*. at 885-86.

In their Petition for Damages, the Hawneys raised the issue of validity due to lack of consent which they allege was induced by error and/or fraud. A party's "[c]onsent may be vitiated by error, fraud, or duress." La. Civ. Code art. 1948. "Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party." La. Civ. Code art. 1949. "A party may not avail himself of his error if the other party is willing to perform the contract as intended by the party in error." La. Civ. Code art. 1951.

The Hawneys allege that their consent was induced by Turner's/OSLI's error and that they would not have entered into the contract but for said error. As such, the Hawneys contend that the contract was void *ab initio*. We disagree.

Here, the Hawneys' consent to the contract was never vitiated by error. "Cause is the reason why a party obligates himself." La. Civ. Code art. 1967. For consent to be vitiated by error, such error must concern the cause of the contract to such a degree that the other party would not have obligated itself but for the error. This is not the case under the facts set forth in the record. The Hawneys obligated themselves under the original contract which made no mentions of "Low-E" glass. Rather, the cause of the original contract was the purchase and installation of

5

custom designed windows in the Hawneys' home restoration project. The original contract explicitly states that the glass to be installed is "clear glass" and/or "Matlux Sandblast glass," and omits any mention of a "Low-E" specification. This Court finds that the primary cause of the contract was to replace the existing glass with new, custom windows/doors; not to install "Low-E" glass. Though the amendment ultimately incorporates the use of "Low-E" glass, the cause of the original contract remains. Therefore, the Hawneys' consent was not vitiated by error and the trial court's judgment is not legally incorrect as to this assignment of error.

The Hawneys also contend that their consent was fraudulently induced and that the contract was thereby void *ab initio*. Again, this Court disagrees with the allegation of fraud. "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." La. Civ. Code art. 1953.

The Hawneys argue that the findings put forth in the KR-Services-com report and survey are evidence that they were fraudulently induced into signing a contract for a product which they never received. However, Turner/OSLI never misrepresented/suppressed the truth with the intention of obtaining an unjust advantage or causing loss/inconvenience to the Hawneys. The Hawneys have not pointed out any specific advantage that Turner/OSLI obtained by misrepresenting or suppressing information pertaining to the quality of the product. Nor have the Hawneys pointed to any evidence to prove Turner/OSLI intentionally caused them loss or inconvenience. Accordingly, the Hawneys' consent was not vitiated by

fraud and the trial court's judgment is not legally incorrect as to this assignment of error.

Under the LBAA and the Louisiana Supreme Court's interpretation thereof, validity of a contract shall be decided by the district court. This Court finds that after the lower court heard the Hawneys' arguments on the vices of consent, it determined that the contract was valid and that its judgment necessarily presupposes as much. In accordance with *George Engine*, if the district court found that the contract was invalid, there would be no need to compel arbitration. Further, Appellants' Petition also alleges claims in tort, violations of LUPTA, detrimental reliance, breach of warranty; all of which are properly adjudicated by the arbitrator in accordance with the contract. Therefore, this Court affirms the district court's sustaining of the Exception of Prematurity and stay of proceedings pending arbitration because the district court's judgment is not legally incorrect as to the validity of the contract.

Because we find that the district court's judgment is not legally incorrect and that the contract is therefore valid, we pretermit any further discussion of Appellants' remaining assignments of error which are more properly adjudicated in arbitration under the terms of the contract.

## DECREE

We find the contract between the parties to be valid and the arbitration clause to be enforceable. Accordingly, for the reasons set forth, we affirm the trial court's March 7, 2022 Judgement sustaining Turner's/OSLI's Exception of Prematurity and staying further proceedings pending arbitration.

**AFFIRMED**