752 So.2d 200 (1999)
The GRAY INSURANCE COMPANY
v.
Ollie HUNTER.
Ollie Hunter
v.
Daniel Duhe and the Gray Insurance Company.
Nos. 99-CA-0497, 99-CA-0498.
Court of Appeal of Louisiana, Fourth Circuit.
September 22, 1999.
*201 Richard S. Vale, Blue Williams, L.L.P., Metairie, Louisiana, Attorney for Appellants.
Thomas Corrington, The Corrington Law Firm, New Orleans, Louisiana, Attorney for Appellee.
(Court composed of Chief Judge ROBERT J. KLEES, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III).
McKAY, Judge.
The defendants appeal the amount of general damages awarded to the plaintiff. We affirm.
On December 20, 1995, Ollie Hunter, was stopped at the intersection of Derbigny Street and Canal Street when her vehicle was struck from the rear by a vehicle driven by Daniel Duhe. At the time of the accident, Mr. Duhe was in the course and scope of his employment with Truck & Transportation Equipment Company, Inc.
After the accident, Mrs. Hunter initially sought treatment at Executive Chiropractic Services for neck and low back pain. When her pain persisted, an MRI was conducted and it revealed two herniated discs. Mrs. Hunter was then referred to a neurosurgeon, Dr. Toussaint Leclerq, who in turn referred her to another neurosurgeon, Dr. Kenneth Vogel. Dr. Vogel ultimately performed an anterior lumbar interbody caged fusion at the L4-5 and L5-S1 levels on Mrs. Hunter in October of 1996. After the surgery, Dr. Vogel found that Mrs. Hunter had a 15% to 20% anatomical impairment.
In October of 1997, Mrs. Hunter sought treatment for neck from Dr. Andrew Kucharchuk, an orthopedist. Dr. Kucharchuk found that Mrs. Hunter had a 25% to 30% permanent impairment and he related a portion of this impairment to the accident on December 20, 1995.[1]
Mrs. Hunter brought suit against Daniel Duhe, Truck & Transportation Equipment Company, Inc., and its insurer, The Gray Insurance Company.[2] After a trial on the merits, judgment was entered for Mrs. Hunter and against the defendants. Mrs. Hunter was awarded $85,404.85 for past medical expenses, $400,000.00 for past and future pain and suffering, plus costs and interest from the date of judicial demand.
The sole issue before this Court is whether the trial court abused its discretion in awarding the plaintiff $400,000.00 in general damages.
[T]he role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
The standard for appellate review of general damages awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck[3] to the present case is that the discretion vested in the trier of *202 fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260-1261.
In the instant case, Mrs. Hunter was 65 years old at the time of the accident. She has undergone an anterior lumbar interbody caged fusion at the L4-5 and L5-S1 levels. Due to the accident and subsequent surgery, she now experiences significant impairment of movement. Consequently, her quality of life has also deteriorated. She is no longer able to work or travel great distances, nor will she be able to enjoy her golden years to the same degree she would have but for the accident.
Although the defendants cite a number of cases where plaintiffs were awarded less for similar injuries, the plaintiff was able to point to cases where plaintiffs were awarded comparable or greater awards of general damages for similar injuries. In any event, the use of a scale of prior awards in cases with similar injuries to determine whether the trier of fact abused its discretion is disapproved of by the Supreme Court of this state. Reck v. Stevens, 373 So.2d 498 (La.1979). There is nothing in the record to suggest that the trial court abused its discretion when it awarded Mrs. Hunter $400,000.00 in general damages. The award is not, in either direction, beyond that which a reasonable trier of fact could have assessed for the effects of these particular injuries to this particular plaintiff under these particular circumstances. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Mrs. Hunter was involved in another accident in May of 1997.
[2] This matter was consolidated with a Petition for Pre-Suit Physical Examination filed by the Gray Insurance Company against Ollie Hunter.
[3] Reck v. Stevens, 373 So.2d 498 (La.1979).