775 So.2d 704 (2001)
Marion COOPER, et al.
v.
Heather LACORTE and Continental Insurance Co.
No. 99-CA-1726.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 2001.
*705 PER CURIAM.
On rehearing, the plaintiffs argue that the trial court's original judgment should be reinstated, while the defendants argue that the damage awards made to the plaintiffs should be further reduced.
After a careful review of the record, as well as consideration of the briefs filed and the arguments made by the parties on rehearing, we are of the opinion that our original opinion in this case was correct for the most part. We are, however, concerned with our handling of the general damage award to Marion Cooper.
In our original opinion, we reduced the trial court's general damage award to Marion Cooper from $1,600,000.00 to $800,000.00. In making this reduction, we relied on older cases without taking into account that both general damage awards and the cost of living have increased over the last decade. For instance, in Mayo v. Nissan Motor Corp., 93-0852 (La.App. 3 Cir.1994) 639 So.2d 773, our Brethren in the Third Circuit affirmed a general damage award of $600,000.00 to a plaintiff with injuries similar to those suffered by Ms. Cooper. Likewise in Andrews v. Mosley Well Service, 514 So.2d 491 (La.App. 3 Cir.1987), writ denied, 515 So.2d 807 (La. 1987), a plaintiff who underwent surgery for a ruptured or bulging disc at the L3-4 level received a general damage award of $400,000. Furthermore, in our Court's decision in Gray Insurance Co. v. Hunter, 99-0497 (La.App. 4 Cir.1999), 752 So.2d 200 (mentioned in our original opinion), our Court affirmed a general damage award of $400,000 for an anterior lumbar interbody caged fusion at the L4-5 and L5-S1 levels. In the instant case, Marion Cooper underwent surgeries for both a cervical fusion at the C 5/6 and C 6/7 levels as well as a two level caged fusion of the lumbar spine. She also suffers from post-concussion syndrome. When we consider the general damage award to Marion Cooper in regard to these cases on a manifest error basis and take into account our jurisprudential mandate to reduce only to the highest possible award that reasonable minds could not disagree upon, we are now of the opinion that we reduced the trial court's general damage award to Marion Cooper by too great an amount. It is our opinion that the highest possible award that reasonable minds could not disagree upon would be $1,200,000.00. Accordingly, we now amend our opinion to reflect that the general damage award to Marion Cooper should be reduced from $1,600,000.00 to $1,200,000.00 instead of from $1,600,000.00 to $800,000.00. In all other respects our original opinion is unchanged.