Judge Joy Cossich Lobrano
In this automobile accident case, plaintiff/appellant, Frederick Everett ("Everett"), appeals the November 18, 2016 judgment of the district court dismissing with prejudice all claims against defendants/appellees, Intorbus of New Orleans, LLC ("Intorbus"), Japerlet Wilson ("Wilson"), and Occidental Fire and Casualty Company of North Carolina (collectively "Appellees"). For the reasons that follow, we reverse and remand this matter to the district court for further proceedings.
This litigation arises from the claims of three plaintiffs - Everett, his brother Kevin Everett ("Kevin"), and passenger Sequin Brimmer ("Brimmer")(collectively "plaintiffs"). Each plaintiff was represented by separate counsel, and each filed a separate lawsuit. These three lawsuits *334 were consolidated and scheduled for a jury trial.
This case concerns the second of two alleged accidents. In the first accident, Everett was operating an automobile in which Brimmer was a passenger when the automobile was rear-ended by a vehicle operated by Jesse Conrad ("Conrad"). Everett, thereafter, settled his claims against Conrad. Following the first accident, Kevin came to the scene to assist Everett. Next, a second accident allegedly occurred in which a double decker tour bus, owned by Intorbus and operated by Wilson, sideswiped the Everett automobile. As discussed herein, there was conflicting testimony about which of the three plaintiffs were inside the automobile during the second accident and about whether the bus collided with the automobile at all.
A four-day jury trial began on October 24, 2016. On October 27, 2016, the jury finished its deliberations and found that Wilson was not negligent. Accordingly, on November 18, 2016, the district court rendered judgment dismissing all claims against Appellees. Everett filed a motion for judgment notwithstanding the verdict and/or new trial, which was denied. Everett was the only plaintiff to appeal.
On appeal, Everett raises the following assignments of error, arguing that the district court erred as follows:
(1) in refusing to admit the deposition of an independent witness, Gilbert White;
(2) in refusing to either grant plaintiffs' motion for continuance or permit plaintiffs to take the trial deposition of the investigating officer;
(3) by rigidly enforcing trial management restrictions in a manner which deprived plaintiffs of a reasonable opportunity to present their case;
(4) in excluding the photographs taken at the scene by defendant's supervisor and produced by defendant during discovery; and
(5) in prohibiting plaintiffs' treating physicians from offering opinions on medical causation and in requiring all references to causation to be deleted from Everett's medical records.
The primary issue before this Court implicates Everett's first and third assignments of error: whether the district court erred as a matter of law in not permitting plaintiffs sufficient time to present evidence in support of their respective cases. Everett attests that, had the district court allowed him more time, he would have called Gilbert White ("White") to testify by deposition. White was the only nonparty witness who testified that all three plaintiffs were in the Everett vehicle when it was sideswiped by the bus.
Ordinarily, a district court's evidentiary and docket-management rulings are subject to the abuse of discretion standard of review. Bell v. Mid City Printers, Inc. , 2010-0818, p. 9 (La. App. 4 Cir. 12/22/10), 54 So.3d 1226, 1233 ; Cooper v. Lacorte , 99-1726, p. 3 (La. App. 4 Cir. 5/17/00), 775 So.2d 4, 7, opinion amended on reh'g , 99-1726 (La. App. 4 Cir. 1/31/01), 775 So.2d 704. If, however, a district court's ruling is "based on its erroneous interpretation or application of law, rather than a valid exercise of discretion," such incorrect ruling "is not entitled to deference" by the appellate court. Billieson v. City of New Orleans , 2002-1993, p. 4 (La. App. 4 Cir. 9/17/03), 863 So.2d 557, 560 (citation omitted). The appellate court reviews questions of law to determine whether the district court was legally correct or legally incorrect. Driscoll v. Mazaleski , 2011-1719, p. 6 (La. App. 4 Cir. 5/30/12), 95 So.3d 1140, 1144.
*335 This Court has examined whether a district court violated a plaintiff's due process rights and prevented the plaintiff from properly presenting all necessary and relevant evidence and explained as follows:
We begin with La. Const. Art. I, § 22, which reads as follows:
All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.
La. C.C.P. art. 1631 A also has bearing on this issue, and states in relevant part:
The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings as the trial, so that justice is done.
We recognize a trial court has the discretion to control its docket and, thus, place reasonable time limits on the amount of time allotted to try a case so that all litigants have fair access to the court. However, that limit must allow a party to present evidence to support the litigant's case.
While this precise issue of time limits has never [before] been addressed by this court, our brethren in the Second Circuit have considered the issue of time limitations on the presentation of evidence by a party. In Goodwin v. Goodwin , 618 So.2d 579, 583-84 (La. App. 2nd Cir. 1993), writ denied , 623 So.2d 1340 (La. 1993), the court identified certain non-exclusive guidelines to be followed by a trial court should it decide to place such time limitations. These are: (1) litigants have a general right to present all evidence he/she possesses with regard to the contested issue at trial that is relevant, admissible, and not cumulative, tempered by La. C.E. art. 403 ; (2) before imposing time limitations, the trial judge should be thoroughly familiar with the case through pretrial proceedings, including status conferences, pretrial conferences, and discovery; (3) if time limitations are used, time limits should normally be imposed on all parties, before any party presents any evidence, and sufficiently in advance of trial for the litigants to prepare for trial within the limits imposed; (4) the trial judge should inform the parties before the trial begins that reasonable extensions of the time limits will be granted for good cause shown; (5) the trial judge should develop an equitable method of charging time against each litigant's time limits. Rather than charging each side for the total time used to present its case, the judge should generally charge each party for the time the litigant uses, whether it be used on direct or cross-examination; and (6) the trial judge should put all of the court's rulings regarding time limitations and the reasons for the rulings on the record.
Plaia v. Stewart Enters., Inc. , 2014-0159, pp. 11-12 (La. App. 4 Cir. 10/26/16), 229 So.3d 480, 490-91 (footnotes omitted).
Here, the parties jointly filed a pretrial outline stating that the jury trial was expected to last four days. The district court stated multiple times throughout trial that she would not extend the trial beyond the fourth day.
Prior to trial, Everett filed a motion to declare White an unavailable witness, as Everett was unable to locate White to testify live at trial. The motion was orally granted during trial. Everett did not read White's deposition to the jury during his case in chief. Kevin then sought to introduce White's testimony after the defense rested, as rebuttal to Wilson's trial testimony that she saw only one person in the *336 Everett vehicle, a woman. Wilson's trial testimony was inconsistent with her prior deposition testimony that she saw two people in the Everett vehicle. The district court, citing time constraints, did not allow White's deposition to be read to the jury or admitted into evidence. White's deposition is 57 pages long, and counsel argued that it would take 15 to 30 minutes to read to the jury.
The facts of the alleged accident and credibility of witnesses were very much in dispute in this case. Everett, Kevin, Brimmer, and Conrad all testified that the bus collided with the Everett vehicle. White, too, would have testified by deposition that the bus collided with the Everett vehicle. Wilson, in her testimony, denied any collision. Everett and Kevin testified that they, along with Brimmer, were in the Everett vehicle at the time of the collision with the bus. Brimmer, however, testified that she was the only one in the Everett vehicle at that time. Wilson, while denying that any collision occurred, likewise testified that she saw only a woman inside the Everett vehicle. Conrad testified that, at the time of the collision, he saw in the vehicle a woman and a man, though he admitted it was possible that there was a third person he did not see. White was the only nonparty witness who would have testified that all three plaintiffs were in the Everett vehicle at the time of the collision.
We recognize that the three plaintiffs' testimonies diverged from one another, and there was testimony about personal animosity between the Everetts and Brimmer. The three plaintiffs were each represented by separate counsel, and questioning by counsel took longer than it would have, had there been only one plaintiff or had all plaintiffs' interests been aligned. The record also reflects that a fire drill interrupted trial for an hour and a half. The district court expressed the view on several occasions that the entire trial must invariably be completed in four days, trial would not be extended into a fifth day, and any extension of time for a plaintiff to put on his case would require that time be subtracted from the defendants' case in chief.[1]
Considering the facts of this case under the guidelines discussed in Plaia , we find that Everett was denied due process. Under the particular circumstances before us, it was not reasonable for the district court to exclude White's brief rebuttal testimony on the grounds of trial time management. It is evident that the jury credited Wilson's testimony over that of the three plaintiffs. However, Wilson gave inconsistent testimony regarding her account of the alleged accident, and the jury did not hear White's rebuttal testimony. Because the jury found no negligence by Wilson, it did not reach the issue of damages. White's testimony might have changed the jury's findings with respect to Appellees' liability. While the district court has great discretion to impose reasonable time limits on its docket, those limits "must allow a party to present evidence to support the litigant's case." Plaia , 2014-0159, p. 11, 229 So.3d at 490. The district court erred in this respect. We, therefore, reverse the district court's judgment and remand this matter for a new trial.
Because of our findings herein, we pretermit Everett's remaining assignments of error.
*337 Accordingly, we reverse the November 18, 2016 judgment of the district court and remand this matter to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED

The district court also denied Everett's request to extend trial by one hour for further cross examination of Wilson. The trial transcript indicates that the district court interrupted Everett's counsel three times in front of the jury during Wilson's cross examination to admonish that counsel was exceeding the fifteen minutes collectively allotted the three plaintiffs.